UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOHN WALKER, et al.                                              PLAINTIFFS

v.                                                               NO. 3:13-CV-00560-CRS

PHILIP MORRIS USA, INC., et al.                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on Plaintiffs' motion to remand this action to Nelson County, Kentucky, Circuit Court. (DN 19). Defendant Philip Morris USA Inc. ("Philip Morris") filed a response to the motion (DN 26), to which Defendant Jackson Furniture Industries, Inc. ("Jackson Furniture") has joined (DN 28). For the following reasons, the court will grant Plaintiffs' motion (DN 19) and remand this action to Nelson Circuit Court.

**I.**

Plaintiffs[1] represent the estates of nine individuals who died in a cigarette-ignited house fire that occurred on February 6, 2007 at a rented home located at 235 Guthrie Drive in Bardstown, Kentucky. Plaintiffs allege that the fire began when a cigarette manufactured by Philip Morris came into contact with an upholstered chair that was manufactured and sold by

---

[1] Plaintiffs include the following: John Walker, individually and as administrator for the estate of Ann-Ashia Maddox; Greg McKinney, individually and as administrator for the estates of Deashia McKinney and Nakiya McKinney; Janet Tongue, as administratrix for the estates of Sherry Lynn Maddox, Crystal Maddox, and Demita Wise; Patrick Netherton, as administrator for the estates of Heaven Maddox and Earth Maddox, and as Guardian and next friend of Yohanna Maddox; Carla Sparrow, individually and as administrator for the estate of Dariyel Maddox; Roger Hardin, Jr., as guardian and next friend of Nathaniel Hardin; Elizabeth Maddox, individually; Daryl Maddox, individually; and Michael Taylor, individually.

Jackson Furniture. Those who responded to the fire did not report hearing a smoke detector sounding an alarm.

The Sixth Circuit developed the following factual and procedural background in 2011 when it first ordered that the case be remanded to Nelson Circuit Court:

> Defendant Nathan Johnson owned the Guthrie Drive property and rented it to Sherry Maddox, a victim of the fire. Johnson hired his cousin Mickey Brothers and Brothers's wife, Gail, to maintain the property and perform all repairs. According to service records, the Brothers tested the smoke and carbon monoxide detector in January 2006, while performing other maintenance work, but it had not been checked since.
>
> Plaintiffs commenced this action in the Circuit Court for Nelson County, Kentucky, alleging negligence on the part of Johnson and the Brothers,[2] and product-liability claims against the cigarette manufacturer, Philip Morris USA, its parent entities, Philip Morris International, Inc., and Altria Group, Inc., and the manufacturer of the chair that initially caught fire, Jackson Furniture Industries, Inc.[3] Plaintiffs claim the fire could have been prevented if the Kentucky Defendants had maintained a working smoke detector in the rental home, and if Philip Morris and Jackson Furniture used safer designs for their products.
>
> . . .
>
> Philip Morris was served the complaint on February 4, 2008. On March 14 and 24, 2008, Philip Morris received the Brothers' and Johnson's Answers denying Plaintiffs' allegations. On April 9, 2008, Philip Morris received copies of three signed affidavits in which Nathan Johnson, Gail Brothers and Mickey Brothers denied assuming a duty to maintain or inspect the smoke detector. The Brothers' affidavits state that Mickey Brothers checked the smoke detector on one occasion when asked to do so by Sherry Maddox, and that there were no other requests to check or service the smoke detector made by Maddox or any other resident. Mickey Brothers' affidavit adds that on that one occasion, he "told Sherry Maddox to check [the smoke detector] in the future whenever she changed the time on her clocks in the spring and the fall."
>
> On April 11, 2008, with the support of all Defendants, Philip Morris removed the case to the Federal District Court for the Western District of

---

[2] Nathan Johnson and Gail and Mickey Brothers are referred to collectively as "the Kentucky Defendants," or "the non-diverse Defendants."
[3] Philip Morris USA and its parent company, Altria Group, Inc., are Virginia corporations with their principal place of business in New York. Philip Morris International, Inc. is a Delaware corporation with its principal place of business in New York. Jackson Furniture is a Tennessee corporation with its principal place of business in Tennessee.

Kentucky pursuant to 28 U.S.C. § 1446(b). Philip Morris argued that the Kentucky Defendants were fraudulently joined, and that, in their absence, the complete-diversity requirement of 28 U.S.C. § 1332(a)(1) was met. On April 17, Philip Morris moved to dismiss Plaintiffs' claims. On May 1, 2008, Plaintiffs filed a motion to remand, arguing that Philip Morris's removal notice was untimely and that the district court lacked subject-matter jurisdiction over the case because the joinder of the non-diverse Defendants was not fraudulent. Plaintiffs supported their motion to remand with Daryl[4] Maddox's affidavit stating that he and his mother "relied on the maintenance people overseeing the property to test and service the smoke detector. We believed the maintenance people tested the smoke detector when they checked the furnace filters and serviced other items in the home."

The district court denied Plaintiffs' motion to remand on August 28, 2008.

*Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 948–49 (6th Cir. 2011). The district court also granted Philip Morris's motion to dismiss. *Id.* at 947.

Plaintiffs appealed the district court's orders denying the motion to remand and granting the motion to dismiss. On review, the Sixth Circuit identified the issue central to liability as whether the Kentucky Defendants "voluntarily assumed a duty of care to maintain and repair a smoke detector that failed to function on the night of the fire." *Id.* at 950. To answer this question, the court first looked at the following evidence, which the parties had also presented to the district court:

1. According to the property's service records, the Kentucky Defendants inspected the smoke detector in January 2006, while performing other maintenance work. There is no evidence of any subsequent inspection.

2. By affidavit, the Kentucky Defendants claim that they told Sherry Maddox, the main tenant, to check the smoke detector twice a year. Sherry Maddox died in the fire.

3. According to a report, Daryl Maddox told fire investigators that he tested the smoke detector some time before the fire and that it did not work.

---

[4] The parties agree that Plaintiff Darrell Maddox was misidentified in the complaint and the subsequent pleadings as "Daryl" Maddox. Darrell Maddox is the son of Sherry Maddox and the sole survivor of the fire at the Guthrie Drive property.

> 4. By affidavit, Daryl Maddox claims that Plaintiffs relied on the Kentucky Defendants to test and service the smoke detector, and believed that the Kentucky Defendants did so when they checked the furnace filters and serviced other items in the home.

*Id.* The district court had concluded, based on this evidence, that the Kentucky Defendants were fraudulently joined:

> [I]n light of the evidence submitted by Phillip [*sic*] Morris USA in support of removal, Plaintiffs have failed to present any countervailing evidence that goes to the issue of whether the non-diverse Defendants assumed the duty to test the smoke detector. Although Plaintiffs replied to Phillip [*sic*] Morris USA's response to the motion to remand, they tendered no evidence to either refute the non-diverse Defendants' answers and affidavits, or to support their own allegations.
>
> Plaintiffs reiterate the Affidavit of Daryl Maddox, which states in relevant part, "We relied on the maintenance people overseeing the property to test and service the smoke detector. We believed the maintenance people tested the smoke detector when they checked the furnace filters and serviced other items in the home." These statements do not establish that the non-diverse Defendants assumed the duty to test the smoke detector, since mere reliance by one person cannot itself establish assumption by another. Moreover, Mr. Maddox's sworn statement that residents of the home relied on the non-diverse Defendants to test the smoke detector contradicts his earlier statement to Senior Deputy State Fire Marshal Robert Goodwin, Jr.
>
> Insomuch as Plaintiffs' lack of evidence reduces their claims to mere conclusory allegations, there is no reasonable basis for predicting that Plaintiffs might establish liability in their claims against the non-diverse Defendants.

*Walker v. Phillip [sic] Morris USA Inc.*, 2008 WL 4066064, *3–4 (W.D. Ky. Aug. 28, 2008) (footnotes omitted).

The Sixth Circuit disagreed with the district court's conclusion that the Kentucky Defendants had been fraudulently joined. It found that the district court summarily dismissed the affidavit of Darrell Maddox and gave too much consideration to the Kentucky Defendants' assertions that they did not assume a duty to test and service the smoke detector. 443 F. App'x at 955–56. In the Sixth Circuit's view,

> Whether the Kentucky Defendants assumed a duty under Kentucky law is a factual question dependent on whether Mickey and Gail Brothers' self-serving affidavits are truthful and accurate or whether [Darrell Maddox's] self-serving and conclusory affidavit is truthful and accurate. No discovery was taken in this case; all that is known is that the smoke detector was once inspected by the Kentucky Defendants and that there is reason to believe that Daryl Maddox knew it was not working.

*Id.* The Sixth Circuit ordered that the case be remanded for entry of an order remanding the action to Nelson Circuit Court. *Id.* at 956.

On remand, the parties engaged in limited discovery. Philip Morris took Darrell Maddox's deposition on May 8, 2013. Philip Morris contends that the deposition testimony indicates that there is "no factual basis" for the statements that Darrell Maddox made in his affidavit, that he "lacked personal knowledge of the statements made in the affidavit, and that his affidavit was based on nothing more than speculation and assumptions." (DN 1, ¶ 8). On June 6, 2013, Philip Morris once again removed the action to this court on the ground of fraudulent joinder.[5] Philip Morris maintains that its notice of removal was timely filed because it was made within thirty days of Darrell Maddox's deposition.

In its notice of removal, Philip Morris claims that the "sole basis for the Sixth Circuit's ruling [in which it ordered that the action be remanded due to a finding of no fraudulent joinder] was that this Court erred in rejecting the affidavit of Mr. Maddox before any discovery had been conducted in the case." (DN 1, ¶ 7). Philip Morris contends that such discovery has been conducted, and the results necessarily compel the conclusion that Darrell Maddox's affidavit should be disregarded because it is based on "speculation and assumptions." Philip Morris argues that if the court disregards Darrell Maddox's affidavit, then there is no evidence in the

---

[5] Defendants Altria Group, Inc. and Jackson Furniture both filed consents to the notice of removal. (DN 1-20). Philip Morris maintains that it need not obtain consents from Defendant Philip Morris International Inc. because it was not served in the state court action, and that the Kentucky Defendants need not consent to the removal because they were fraudulently joined. (DN 1, p. 16 n.10–11).

record contradicting the Kentucky Defendants' answers and affidavits in which they deny that they assumed a duty to test or service the smoke detector. Therefore, Philip Morris argues, Plaintiffs cannot state a colorable claim against the Kentucky Defendants.

Plaintiffs timely moved to remand the case to the Nelson Circuit Court. In their motion Plaintiffs argue that Philip Morris' notice of removal is improper because (1) it was untimely filed, and (2) the Kentucky Defendants were not fraudulently joined. Plaintiffs point out that only one deposition has been conducted in the state court action (that of Darrell Maddox), and they have not had the opportunity to depose the Kentucky Defendants or any witnesses who may have information regarding the property maintenance prior to the fire. They also argue that the grounds listed in Philip Morris' second notice of removal are the same as those in its first notice of removal, and that the Sixth Circuit previously rejected Philip Morris' claims of fraudulent joinder on these same grounds.

## II.

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Complete diversity of citizenship is required, i.e., the citizenship of each plaintiff must be diverse from the citizenship of each defendant in the action. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "A defendant seeking to remove a case to federal court has the burden of proving that the district court

possesses jurisdiction." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### III.

Plaintiffs raise two arguments in support of their motion to remand, but we will only address their argument that the Kentucky Defendants were not fraudulently joined.[6] In this action, the parties do not dispute that complete diversity appears to be lacking because Plaintiffs and the Kentucky Defendants are both citizens of Kentucky. However, Philip Morris argues that the Kentucky Defendants' citizenship should be disregarded because they were fraudulently joined to this action.

The Sixth Circuit has held that diversity jurisdiction will not be defeated by the fraudulent joinder of non-diverse defendants. *Coyne*, 183 F.3d at 493. However, a removing defendant seeking to prove fraudulent joinder bears a heavy burden. *Walker*, 443 F. App'x at 953 (quoting 16 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE–CIVIL § 107.14(2)(c)(iv)(B) (3d ed. 1997)). To show that a non-diverse defendant has been fraudulently joined, the removing party must establish that there was no "colorable cause of action" against the non-diverse defendant. *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome–Duncan, Inc. v. Auto–By–Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). "Although the plaintiff's actual motive is irrelevant to the fraudulent–joinder inquiry, . . . this test serves as 'a proxy for establishing the plaintiff's fraudulent intent. If the plaintiff has no

---

[6] Plaintiffs also argue that remand is appropriate in this instance because the notice of removal was untimely filed. However, we will not address this procedural argument because our resolution of the substantive issue—whether Plaintiffs stated a colorable claim against the Kentucky Defendants—will resolve the matter. *See Spencer v. Wright Med. Tech., Inc.*, 2012 WL 529825 (W.D. Ky. Feb. 17, 2012).

-7-

hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against [that defendant] was to defeat diversity and prevent removal.'" *Lindon v. Kakavand*, 2013 WL 5441981, *6 (E.D. Ky. Sept. 27, 2013) (quotations and citations omitted). In assessing whether a non-diverse defendant was fraudulently joined, a district court must resolve any ambiguities in the controlling state law in favor of the non-removing party. *Coyne*, 183 F.3d at 493 (citations omitted) (noting that "[a]ll doubts as to the propriety of removal are resolved in favor of remand").

In *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946 (6th Cir. 2011), the Sixth Circuit established the standard for district courts to follow when evaluating whether a party has been fraudulently joined. The Sixth Circuit adopted the Fifth Circuit's approach, which directs district courts in relevant part to:

> [C]onduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Id.* at 952–53 (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

In that vein, the Sixth Circuit formulated two rules for courts to follow when deciding motions to remand in which one party has alleged fraudulent joinder:

> First, even if the district court 'pierces the pleadings' to consider summary-judgment-type evidence (such as depositions, affidavits, etc.), the proper standard for evaluating that evidence remains akin to that of a Rule 12(b)(6) motion to dismiss, and is arguably even more deferential. Second, any contested issues of fact must be construed in the plaintiff's favor.

*Id.* at 954. Thus, the Sixth Circuit instructs district courts to apply a test that is similar to, but more lenient than, that of a Rule 12(b)(6) motion to dismiss. *Id.* at 952–54. Pursuant to this test, district courts may "pierce the pleadings" and consider summary judgment–type evidence, such as affidavits provided by the parties. *Id.*; *see also Delamar v. Mogan*, — F. Supp. 2d —, 2013 WL 4500092, *1 (W.D. Ky. Aug. 20, 2013) (quoting *Walker*, 443 F. App'x at 952) (noting that a district court may pierce the pleadings "to determine whether a plaintiff's complaint has misstated or omitted '*discrete and undisputed facts*' that would determine the propriety of joinder") (emphasis in original). "The court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (citing *Walker*, 443 F. App'x at 955–56).

The Sixth Circuit applied this test when it evaluated Plaintiffs' first motion to remand. *Walker*, 443 F. App'x at 946. The case came before the Sixth Circuit after the district court had denied Plaintiffs' motion to remand. The district court held that Plaintiffs could not state a colorable claim against the Kentucky Defendants because Plaintiffs failed to tender evidence to refute Philip Morris's evidence that the Kentucky Defendants did not assume a duty to test and service the smoke detector. *Walker v. Phillip [sic] Morris USA Inc.*, 2008 WL 4066064, *3 (W.D. Ky. Aug. 28, 2008). In reaching this conclusion, the district court elected to disregard Darrell Maddox's affidavit, finding that it "did not establish that the non-diverse Defendants assumed the duty to test the smoke detector, since mere reliance by one person cannot itself establish assumption by another." *Id.*

On appeal, the Sixth Circuit held that the district court improperly weighed the evidence. *Walker*, 443 F. App'x at 955–56. It found that "[i]n rejecting Plaintiffs' evidence as insufficient

to overcome the Kentucky Defendants' affidavits, the court went beyond the relevant inquiry—whether Plaintiffs have a colorable claim under Kentucky law—and instead inquired whether Plaintiffs had adequate evidentiary support for their claim, the traditional Rule 56 inquiry." *Id.* at 956. Thus, the Sixth Circuit believed that the district court subjected Plaintiffs to a higher standard than was necessary for a motion to remand. *Id.* In the Sixth Circuit's view, the district court "denied the motion to remand on the basis that Plaintiffs proffered insufficient factual support to overcome the Kentucky Defendants' affidavits denying that they assumed a duty to conduct additional inspections of the smoke detector." *Id.* at 955. Such an inquiry was improper at that stage in the proceedings. *Id.* at 956 (discussing how the "district court effectively decided that there were no genuine issues of material fact on a motion to remand, before discovery").

The Sixth Circuit ordered that the action be remanded to Nelson Circuit Court because the district court lacked subject matter jurisdiction to address Plaintiffs' claims. *Id.* After the action was remanded, the parties took the deposition of Darrell Maddox. Darrell Maddox had previously executed an affidavit in 2008, in which he stated that during the time that he and Sherry Maddox resided at the Guthrie Drive property, they "relied on the maintenance people overseeing the property to test and service the smoke detector." (DN 1-11, ¶¶ 3–4). The affidavit further stated that "[w]e believed the maintenance people tested the smoke detector when they checked the furnace filters and serviced other items in the home." (*Id.* ¶ 4). In his 2013 deposition, however, Darrell Maddox testified in relevant part that: (1) he never met either Gail or Mickey Brothers and did not "have any personal knowledge of what they did" at the property; (2) he could not recall whether his mother, Sherry Maddox, told him that "we asked the maintenance people to check the smoke detector on such and such a date or every day they came over"; (3) he made the statement in his affidavit, "We believed [Gail and Mickey Brothers]

-10-

tested the smoke detector when they checked the furnace filters and serviced other items in the home," based on his assumption that the Brothers would check the smoke detector if they also checked the furnace filters; and (4) Sherry Maddox never told him "that the maintenance people had said that they would always check the smoke detector whenever they came to the house." (DN 1-17).

Philip Morris argues that this deposition testimony shows that the statements in Darrell Maddox's affidavit were based on speculation and assumptions and, if the affidavit is disregarded, then Plaintiffs cannot state a colorable claim against the Kentucky Defendants. Philip Morris is essentially asking the court to pierce the pleadings and consider Darrell Maddox's affidavit and deposition testimony which, in its view, demonstrate that there is no basis for a claim against the Kentucky Defendants. The Sixth Circuit has held that when fraudulent joinder is alleged, district courts can engage in a Rule 12(b)(6)-type analysis and consider the allegations in the complaint to discern whether the plaintiff states a colorable state law claim. *Walker*, 443 F. App'x at 952–53 (quotations omitted). Yet, the court may only "pierce the pleadings and conduct a summary inquiry" if the plaintiff misstates or omits "discrete facts that would determine the propriety of joinder." *Id.* at 953 (quoting *Smallwood*, 385 F.3d at 573). The issue in this action is which approach this court should use: are we limited to engaging in a Rule 12(b)(6)-type analysis, or have Plaintiffs "misstated or omitted discrete facts that would determine the propriety of joinder," such that we can pierce the pleadings and conduct a summary inquiry into Plaintiffs' allegations.

Philip Morris argues that piercing of the pleadings is appropriate in this action because there are undisputed factual inaccuracies in Plaintiffs' complaint that would prevent Plaintiffs from stating a colorable claim against the Kentucky Defendants. According to Philip Morris,

Plaintiffs' complaint alleges that the Kentucky Defendants assumed a duty to exercise reasonable care in maintaining and servicing the smoke detector, but the complaint misstates or omits certain facts, namely, the fact that the Kentucky Defendants did not assume such a duty. In this respect, Philip Morris seeks to pierce the pleadings and introduce Darrell Maddox's affidavit and deposition testimony which, in Philip Morris's view, do not adequately refute the Kentucky Defendants' assertions.

If we assume *arguendo* that Plaintiffs' complaint misstates discrete facts regarding the Kentucky Defendants' alleged assumption of a duty, then we can pierce the pleadings and consider the parties' affidavits and deposition testimony. Yet even if we consider this summary judgment–type evidence, we are not convinced that Philip Morris has shown that Plaintiffs failed to state a colorable claim against the Kentucky Defendants. When it ruled on Plaintiffs' first motion to remand, the Sixth Circuit found that the district court improperly inquired into whether Plaintiffs had sufficient evidence to support their state court claim. We find that Philip Morris is presently asking this court to engage in the same type of impermissible inquiry. Philip Morris has presented Darrell Maddox's deposition testimony as "proof" that Plaintiffs cannot state a claim against the Kentucky Defendants but, as the Sixth Circuit has cautioned, Plaintiffs only need to state a colorable claim against the Kentucky Defendants. This means that Plaintiffs only have to allege enough facts in the pleadings to survive minimal inquiry. *Shawver v. Bombardier Recreational Prods., Inc.*, 2013 WL 1767945 (W.D. Ky. Apr. 23, 2013) (noting that district courts must be mindful of "the difference between the colorable cause of action standard that applies to claims of fraudulent joinder and the altogether different question of whether a party will ultimately be able to put forth sufficient evidence to support its claim.").

In sum, we are unconvinced that there are discrete and undisputed facts that would preclude Plaintiffs' recovery against the Kentucky Defendants. In reaching this conclusion, we note that it is evident that the statements in Darrell Maddox's affidavit are somewhat at odds with his deposition testimony. Darrell Maddox states in his affidavit that he lived with his mother at 235 Guthrie Drive, and that "[d]uring the time we lived at the residence, we relied on the maintenance people . . . to test and service the smoke detector." (DN 1-11, ¶¶ 3–4). He further states that "[w]e believed the maintenance people tested the smoke detector when they checked the furnace filters and serviced other items in the home." (*Id.*). Yet in his deposition, Darrell Maddox states that he only assumed the maintenance people tested the smoke detector when they checked the furnace filters and could not remember anyone ever telling him "that the maintenance people had said that they would always check the smoke detector whenever they came to the house." (DN 1-17, p. 88, 117). However, Darrell Maddox's deposition testimony does not foreclose the possibility that the Kentucky Defendants did, in fact, assume a duty to test and service the smoke detector. The testimony calls into question Darrell's knowledge as to whether the Kentucky Defendants "always" checked the smoke detector when they came to the house, but it does not negate Darrell's prior assertions that "we relied on the maintenance people . . . to test and service the smoke detector." The reliance in this instance might not have been reasonable, but it is enough to counter the Kentucky Defendants' assertions that they did not assume a duty to test or service the smoke detector.

Moreover, the Sixth Circuit has held, on these specific facts and this particular complaint, that Plaintiffs have stated a colorable claim against the Kentucky Defendants. *Walker*, 443 F. App'x at 955 (finding that it was "not disputed that Plaintiffs' complaint stated a colorable claim against the Kentucky Defendants," and noting that Philip Morris "delayed in removing the case

because the complaint itself was sufficient to withstand a 12(b)(6) motion"). Plaintiffs' claims against the Kentucky Defendants may ultimately prove unsuccessful and may not be supported by the evidence. Nevertheless, when viewed in a light most favorable to Plaintiffs, and given the current stage of this litigation, the evidence demonstrates that there are currently genuine issues of material fact with respect to whether the Kentucky Defendants assumed a duty to test and service the smoke detector. *See Shropshire v. Unum Life Ins. Co. of Am.*, 2012 WL 3221186, *1 (E.D. Ky. Aug. 6, 2012) (citing *North Am. Specialty Ins. Co. v. Pucek*, 2009 WL 3711261, *3 (E.D. Ky. Nov. 4, 2009)) (fraudulent joinder does not arise simply because a claim may not succeed on the merits). Thus, the court finds Plaintiffs' claims colorable and diversity between the parties lacking.[7]

## IV.

For the reasons stated above, the court will grant Plaintiffs' motion to remand (DN 19) the action to Nelson Circuit Court. A separate order and judgment will be entered in accordance with this Memorandum Opinion.

March 27, 2014

                                              **Charles R. Simpson III, Senior Judge**
                                              **United States District Court**

---

[7] Our holding that Plaintiffs have asserted a colorable claim against the Kentucky Defendants is not a determination of whether Plaintiffs could ultimately succeed on that claim. We express no opinion as to the latter issue.